UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PATRICIA F. HODGES )
 )
v. ) NO. 3:05-CV-165
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Patricia F. Hodges has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Hodges was born in 1955 and was 48 years old at the time of her administrative hearing. [Tr. 400]. She completed 10th grade and has relevant past work experience as a sewing machine operator. [Tr. 13, 402]. Ms. Hodges alleges she is disabled as of November 11, 2001, from carpal tunnel syndrome, anxiety, pain attacks, depression, and a history of substance abuse. [Tr. 13]. Based upon a finding that her impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Hodges was not disabled as defined by the Social Security Act. [Tr. 14].

At Ms. Hodges' administrative hearing held on February 9, 2004, the testimony of Ms. Hodges and vocational expert Katherine Bradford was received into evidence. [Tr. 399-415].

Ms. Hodges testified she last worked in 2002 as a sewing machine operator. [Tr. 402]. She left the position because she was in too much pain from her neck and arms. [Tr. 403]. She also testified it had been almost two years since she had an alcoholic drink. [Tr. 403-04]. Ms. Hodges has also been treated for anxiety attacks, panic attacks, and depression. [Tr. 404].

Vocational expert Katherine Bradford testified next. [Tr. 412-15]. She testified Ms. Hodges' past relevant work as a sewing machine operator was light and semi-skilled. [Tr. 413]. The ALJ then asked the vocational expert to consider a person who was limited to a range of light work, with no standing for more than 20 minutes or sitting for more than an hour without a brief break. [*Id.*]. Such a person also could not perform more than occasional reaching above her shoulders or repetitive gripping with either hand. [*Id.*]. And, she would have a moderate restriction on her ability to deal with work stresses, maintain attention and concentration, understand, remember, and carry out detailed instructions, and to demonstrate reliability. [*Id.*]. Finally, such a person would have a marked restriction on her ability to deal with the public. [Tr. 414]. The vocational expert testified that with those restrictions, such a person would not be able to perform Ms. Hodges' past relevant work as a sewing machine operator. [*Id.*]. At the light and unskilled level, though, such a person would be able to perform as a production assembler, production inspector, and hand packer. [*Id.*].

The ALJ ruled that Ms. Hodges was not disabled because her severe impairments of a history of substance abuse, depression, anxiety, pain attacks, and carpal tunnel syndrome

2

were not severe enough. [Tr. 14]. The ALJ then found she could perform a significant range of light work and could work as a production assembler, production inspector, and hand packer. [Tr. 18].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Hodges requests a judgment on the pleadings and challenges the ALJ's determination that she had moderate limitations with her mental abilities and a marked limitation in her ability to deal with the public. While Ms. Hodges did have some low Global Assessment of Functioning [GAF] scores while hospitalized following suicide attempts, she also tested with a score of 54, indicating only moderate symptoms.[1] [Tr. 15]. In addition, she only received counseling for a period of a few months. [*Id.*]. Psychological

---

[1] According to the *Diagnostic and Statistical Manual of Mental Disorders*, 4th ed., a GAF of 54 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning.

3

evaluations of Ms. Hodges in 2002 and 2004 indicated her abilities to understand and remember were not significantly limited, but her abilities to concentrate, persist, socially interact, and adapt were limited. [Tr. 16]. The ALJ apparently found that Ms. Hodges had a marked limitation in her ability to deal with the public based on her own testimony at the administrative hearing. [Tr. 411]. Based on the psychological and subjective evidence before him, the ALJ's decision concerning Ms. Hodges' mental and social abilities was based on substantial evidence.

Next, Ms. Hodges claims the ALJ improperly rejected the opinion of Dr. Peter Stimpson. Dr. Stimpson, Ms. Hodges' treating physician, wrote on December 19, 2002, that "Mrs. Hodges is unable to work due to medical problems." [Tr. 326]. He also indicated in September 2003 that she could sit for four hours of an eight-hour workday (but only one hour at a time) and stand/walk for three hours of an eight-hour workday (but only 30 minutes at a time). [Tr. 16]. Dr. Stimpson indicated as well that Ms. Hodges could occasionally lift/carry 10 pounds and frequently lift/carry five pounds. [*Id*.]. In addition, Ms. Hodges would require approximately three hours of bedrest during an eight-hour workday. [*Id*.].

Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

4

The opinion of Dr. Stimpson that Ms. Hodges was unable to work was in conflict with the opinions of four doctors, including himself. [Tr. 249, 307, 322, 325]. Each of those doctors found that she either did not have a severe physical impairment or was able to work without restriction. In addition, Dr. Stimpson's extremely restrictive work limitations were not supported by the record before this court. As the ALJ noted, Dr. Stimpson's treatment notes for Ms. Hodges indicated problems mainly with depression, and nothing in his notes or the notes of any other doctor indicated the necessity for such physical restrictions. As such, the ALJ's decision not to rely on Dr. Stimpson's opinion was made with substantial evidence.

Finally, Ms. Hodges disputes the ALJ's finding that she was not totally credible. The ALJ noted several inconsistencies in the record before him. First, Ms. Hodges alleged severe enough depression and anxiety to preclude her working. But, she did not receive specialized mental health treatment and her medication was prescribed by her general practitioner. [Tr. 17]. In addition, Ms. Hodges alleged severe physical limitations that were not supported by the medical evidence of record. [*Id.*]. Finally, the ALJ noted Ms. Hodges admitted that she stopped taking two prescribed medications, not because she was doing better but because she was gaining weight from them. [Tr. 15]. The ALJ's credibility decision was made with substantial evidence. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Ms. Hodges' motion for a judgment on the pleadings will be denied, the defendant's motion for

5

summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

        s/Thomas Gray Hull
        THOMAS GRAY HULL
          SENIOR U. S. DISTRICT JUDGE